IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ANGIE L. ALBERT,

Defendant.

**4:26CR3047**

**ORDER**

Defendant has moved to continue the conference call, (Filing No. 29), because Defendant and defense counsel need additional time to fully review the discovery. The motion to continue is unopposed. Based on the showing set forth in the motion, the court finds good cause has been shown and the motion should be granted. Accordingly,

IT IS ORDERED:

1) Defendant's motion to continue, (Filing No. 29), is granted.

2) The conference call previously scheduled to be held on August 24, 2026, is continued **as to this defendant only**. A telephonic conference with counsel will be held before the undersigned magistrate judge at 9:00 a.m. on October 29, 2026 to discuss setting any pretrial motion hearing needed, a change of plea hearing, or the date of the jury trial and deadlines for disclosing experts as required under Rule 16. Counsel for all parties shall use the conferencing instructions provided by the court to participate in the call.

3) The Court finds that the ends of justice served by granting the motion to continue outweigh the interests of the public and the defendants in a speedy trial, and the additional time arising as a result of the granting of the motion, the time between today's date and October 29, 2026 shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act, because although counsel have been duly diligent, additional time is needed to adequately prepare this case for trial and failing to grant additional time might result in a miscarriage of justice. 18 U.S.C. § 3161(h)(1) & (h)(7). In addition, this matter remains so unusual and complex due to the nature of the prosecution, the counts alleged in the indictment and the amount of discovery that it would be unreasonable to expect adequate preparation for pretrial proceedings or trial within the time limits established by the Speedy Trial Act and the time will continue to be excluded. 18 U.S.C. 3161(h)(7)(b)(ii) Failing to timely object to this order as provided under this court's local rules will be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act.

Dated this 20th day of August, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge